## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARCELLA BEASLEY,                         )
                              Plaintiff,  )
v.                                        )          Case No. CIV-04-1431-L
                                          )
D.O.C. OFFICIALS, *et al*.,               )
                              Defendants.  )

## <u>REPORT AND RECOMMENDATION</u>

On October 26, 2004, Plaintiff, appearing *pro se* and *in forma pauperis*, filed this civil

rights action pursuant to 42 U.S.C. §1983 alleging violations of her constitutional rights.  The

matter has been referred for initial proceedings in accordance with 28 U.S.C. §636(b)(1)(B)

and (C).

By Order dated November 22, 2004 (the "November 22nd Order"), Plaintiff was

directed to complete the necessary service papers and to forward them to the Clerk of this

Court within 15 days for processing and issuance.  A review of the file reveals that Plaintiff

has not complied with the November 22nd Order in that the necessary service papers have not

been returned to the Clerk for processing and issuance.  By Order dated April 18, 2005 (the

"April 18th Order") Plaintiff was cautioned that failure to obtain service on the Defendants

within 120 days of the filing of her Complaint could result in dismissal of her action against

Defendants.  Rule 4(m) of the Federal Rules of Civil Procedure provides:

> "[i]f service of summons and complaint is not made upon a defendant within
> 120 days after the filing of the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss the action without prejudice

as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Fed.R.Civ.P. 4(m).

Plaintiff was granted until May 2, 2005, to submit the necessary service papers to the Court Clerk for processing or to show good cause for failure to serve Defendants.  As of this date, however, Plaintiff has taken no further action to comply with the November 22nd Order nor has she shown good cause for her failure to serve Defendants.

More than 120 days have elapsed since Plaintiff filed her Complaint, and Plaintiff has not filed proof of service nor provided completed forms for the United States Marshals Service to use in serving Defendants.  Thus, the action is subject to dismissal pursuant to Fed.R.Civ.P. 4(m).  However, prior to dismissing the action, the Court must make a preliminary inquiry as to whether Plaintiff has shown good cause for her failure to effect timely service.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  Plaintiff failed to respond to this Court's April 18th Order, and therefore, the undersigned finds that Plaintiff has not demonstrated any cause, much less good cause, for her failure to effect service within the required time.

Even though Plaintiff has failed to show good cause, the Court must further consider whether a permissive extension of time is warranted.  *Id*.  After considering the factors set forth in Espinoza, the undersigned concludes that a permissive extension of time is not warranted.  *Id*. at 842.  There is no indication that Plaintiff has attempted to serve Defendants or that Defendants have sought to avoid service.  Moreover, this case does not involve

complex service requirements.  Although Plaintiff has been advised of the requirements of Fed.R.Civ.P. 4(m) and has been ordered to show cause for her failure to effect timely service of Defendants, she has failed to do so.

Therefore, as more than 120 days have elapsed since the filing of her complaint without service being made upon the Defendants, the complaint is subject to dismissal under Fed.R.Civ.P. 4(m).  Even though Plaintiff is a *pro se* litigant, she is required to follow the same rules of procedure governing other litigants.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).  Her failure to effect proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) is grounds for dismissal of her *pro se* complaint in the absence of justification for the failure.  *Jones v. Frank*, 973 F.2d 872, 873-874 (10th Cir. 1992).

## RECOMMENDATION

For the reasons set forth above, it is recommended that the action be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of her right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by June __2[nd]__, 2005.  *See* LCvR72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## <u>STATUS OF REFERRAL</u>

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this 13th day of May, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE